IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERRELL KINYON DAVIS, #1264829, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 3:10-CV-1064-D (BK) |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Div., | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order No. 3-251, this case was automatically referred for findings, conclusions, and recommendation.

**I. BACKGROUND**

This is a *pro se* petition for a writ of habeas corpus filed by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner is currently confined within the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID). Respondent is the Director of TDCJ-CID. The court did not issue process in this case.

Following his plea of not guilty, a jury convicted Petitioner of aggravated kidnaping, and the trial court sentenced him to forty-five years imprisonment. *See Davis v. State*, No. 21,854 (354th Judicial District Court of Hunt County, Aug. 2, 2004). The Sixth District Court of Appeals affirmed his conviction. *See Davis v. State*, No. 06-05-00001-CR (Tex. App. Nov. 21, 2005, no pet.).[1]

---

[1] In addition to the conviction at issue in this case, Petitioner is presently confined on the basis of five other convictions from Hunt County, Texas (possession of a firearm by a felon, aggravated assault with a deadly weapon (two cases), aggravated robbery with a deadly weapon, and escape) for which he was sentenced to 20 or 45 years imprisonment. *See* Case Nos. 21,887,

On July 14, 2008, Petitioner filed a state habeas application pursuant to article 11.07, Texas Code of Criminal Procedure (Writ No. WR04753), which the Texas Court of Criminal Appeals dismissed on September 10, 2008, on the basis of Petitioner's own motion. *See Ex parte Kinyon*, No. WR-70,478-01. On October 23, 2008, Petitioner filed a second article 11.07 application (Writ No. WR04878), which the Texas Court of Criminal Appeals denied on December 17, 2008. *See Ex parte Kinyon*, No. WR-70,478-03.[2]

Petitioner filed the federal petition at issue on February 23, 2010, with the United States District Court for the Eastern District of Texas, which in turn transferred it to this court. Petitioner alleges the trial court erred in admitting evidence improperly obtained by the state's witness, and erred in denying Petitioner's motion to suppress the identification of his voice at trial. He further alleges that no evidence supported the deadly weapon finding.[3]

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. *See* 28 U.S.C. §

---

21,886, 21,855, 21,856, and 22,605. *See also* Petitioner's "Offender Information Detail" available on the TDCJ website.

[2] The office of the undersigned has verified all dates set out in this recommendation with the Hunt County District Clerk's Office, and on the basis of information available on the Texas Court of Criminal Appeals website. Since the article 11.07 applications were filed earlier than Petitioner alleges in his pleadings, the court has relied on the dates obtained from the other sources, as they are more advantageous to him.

[3] Petitioner states that he signed the petition and handed it to prison officials for mailing on February 23, 2010, the same day on which it was filed in the Eastern District of Texas. (Pet. at 9). Absent additional information, the federal petition is deemed filed as of February 23, 2010. *See* Rule 3(d) of the Rules Governing § 2254 Proceedings ("mailbox rule" applicable to inmates who use jail/prison's internal mailing system). Nevertheless, the long delays in this case render irrelevant any benefit of the mailbox rule.

2244(d). The court may raise the affirmative defense of the statute of limitations *sua sponte*. *See Kiser v. Johnson*, 163 F.3d 326, 328-29 (5th Cir. 1999); *see also* Rule 4 of the Rules Governing § 2254 Proceedings (requiring dismissal of a section 2254 petition when it plainly appears from the face of the petition and attached exhibits that the petitioner is not entitled to relief).

The court advised Petitioner of the one-year statute of limitations and granted him an opportunity to explain why the petition should not be barred by the statute of limitations or why the limitations period should be tolled on equitable grounds. Petitioner filed a response to the show cause order on June 29, 2010.

The one-year limitations period is calculated from "the date on which the judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." *See* 28 U.S.C. § 2244(d)(1)(A).[4] Petitioner's conviction became final on December 21, 2005, the last day on which he could have filed a petition for discretionary review with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.2(a) (effective September 1, 1997); *Flores v. Quarterman*, 467 F.3d 484 (5th Cir. 2006). The one-year period began to run on December 22, 2005, the day after Petitioner's conviction became final, and expired one year later on December 21, 2006. *See Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998). Petitioner filed his federal petition on February 23, 2010, more than three years after the running

---

[4] Subsections 2244(d)(1)(B)-(D) are inapplicable in this case. Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from timely raising his claims. Nor does Petitioner rely on any new constitutional right as provided by subparagraph (C). With regard to subparagraph (D), the court determines that the facts supporting his grounds for relief became, or could have become, known prior to the date on which Petitioner's conviction became final.

of the one-year limitations period. Statutory tolling is unavailable in this case because Petitioner's state habeas application was not pending during the one-year period for filing his section 2254 petition. *See* 28 U.S.C. § 2244(d)(2) (providing for tolling of the limitations period only during the pendency of state habeas proceedings); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (state habeas application, filed after federal limitations period had expired, did not toll limitations period). Accordingly, the federal petition is time barred absent equitable tolling.

"The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930-31 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998)). In *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quotations and quoted case omitted), the Supreme Court held that to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *See also Holland v. Florida*, ___ U.S. ____, 130 S. Ct. 2549, 2562 (2010).

In response to the court's show cause order, Petitioner asserts appellate counsel failed to keep him informed of the status of his direct appeal, and refused to send him the complete trial record. He claims the above failures prevented him from timely filing his federal petition. (Pet's Resp. at 1-3.)

Both assertions are meritless. Petitioner concedes counsel forwarded him a copy of the appellate opinion on December 12, 2005, twenty-one days after it was issued, and nine days before his conviction became final under section 2244(d)(1)(A). (Pet's Resp. at 1.) It is unclear what more appellate counsel could have done to advise Petitioner about the status of his direct

appeal. Moreover, Petitioner fails to establish a connection between counsel's refusal to provide him with a copy of the trial record and his inability to timely <u>file</u> his state and federal habeas petitions, as opposed to the possible import of the record in subsequently <u>proving</u> his claims. *See Flanagan*, 154 F.3d at 199 (holding that § 2244(d) "does not convey a statutory right to an extended delay ... while a habeas petitioner gathers every possible scrap of evidence that might, by negative implication, support his claim.").

There is no requirement under either state or federal law that a habeas petitioner file the trial record in a habeas corpus proceeding. Nor does a habeas petitioner have a constitutional right to free copies of the trial record or transcript for the purpose of preparing a collateral attack on his conviction. Petitioner cannot establish that he was prevented from asserting his rights. *See Hatcher v. Quarterman*, 305 Fed. Appx. 195, 196 (5th Cir. 2008) (unpublished per curiam) (*pro se* prisoner was not entitled to equitable tolling because he did not show that his inability to obtain copy of his trial counsel's file prevented him from filing his state application and ultimately his federal habeas petition). At best, Petitioner's mistaken belief that he needed copies of his trial record to file his state and federal habeas petition, rather than any action by his appellate counsel, prevented him from asserting his rights. *Cf. Larry v. Dretke*, 361 F.3d 890, 897 (5th Cir. 2004) (petitioner's "own action of filing his state habeas application before his judgment was final, rather than any action taken by the state court, prevented him from asserting his rights."). "Ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing." *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999).

Additionally, this case does not present the type of extraordinary circumstances and due diligence required for equitable tolling. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.

2000). Petitioner's own allegations confirm that he did not act with due diligence during the one-year period. Petitioner squandered more than two and one-half years before he filed his article 11.07 applications. His lack of due diligence did not end here. Following the denial of the second state application on December 17, 2008, Petitioner delayed an additional fourteen months before mailing the federal petition in this case.

Petitioner's pleadings fail to provide an explanation for the lengthy delays in this case. Unexplained delays do not evince due diligence or rare and extraordinary circumstances. "[E]quity is not intended for those who sleep on their rights. *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999). Nor does Petitioner's *pro se* status and unfamiliarity with the law suffice as a basis for equitable tolling. *See Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir. 1999) ("neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling.").

Clearly Petitioner has not carried his burden of establishing that equitable tolling is warranted in this case. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (the party seeking equitable tolling has the burden of showing entitlement to such tolling). In the exercise of discretion, the District Court should refuse to apply equitable tolling.

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for a writ of habeas corpus be DISMISSED with prejudice as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1).

SIGNED August 4, 2010.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE


## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE